UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00021-MOC-DCK

| | |
|---|---|
| **NORMAN GATEWOOD,** | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| **JACKIE JEFFRIES, JERRY RICHARDSON, PORSCHA PENN, AND BONNIE CREIGHTON,** | ) |
| Defendants. | ) |

**THIS MATTER** is before the court on defendants Jerry Richardson ("Richardson") and Bonnie Creighton's ("Creighton") Motion to Dismiss. An Order (#14) was entered February 23, 2018, advising the pro se plaintiff of the pendency of the motion, the possible consequences if the motion were to be granted, and the procedure to be used in responding to the motion. Having considered defendants' motion and reviewed the pleadings, including plaintiff's Response (#15) and the Reply (#16), the court enters the following Order.

## I.   Background

Plaintiff, proceeding *pro se*, filed this action on January 11, 2018, contending that he was discriminated against[1] under Title VII of the Civil Rights Act of 1964 ("Title VII") while working for the Carolina Panthers in its Guest Relations Department as an Elevator Operator and Ticket Taker Team Member during the 2011 season. (#12, pgs. 6, 8). Plaintiff alleges that on April 4,

---

[1] This Motion concerns only Richardson and Creighton. Defendants allege that Jackie Jeffries ("Jeffries") and Porscha Penn ("Penn") have not been served with process and thus cannot appear in this case; however, they note that this Motion also applies to them.

2012, the Panthers terminated his employment due to a bad credit report (based on their hiring criteria and consumer report) and that he thus suffered an adverse employment action. (#12, pg. 6). Plaintiff further alleges that his termination was actually based on race or color. Id.

Defendants have moved to dismiss this action under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. They argue that plaintiff failed to exhaust his administrative remedies, his claims are barred by applicable statutes of limitations, and his claims cannot be asserted against individuals instead of his employer. (#13, p. 9).

## II.     Applicable Standard

**A. Rule 12(b)(1) Standard**

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

When a court considers subject-matter jurisdiction, plaintiff has the burden of proof. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. v. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Fourth Circuit Court of Appeals held:

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir. 1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir. 1989).

Id., at 768-69. Where jurisdictional facts are intertwined with facts central to the substance of a case, a court must find that jurisdiction exists and consider and resolve the jurisdictional objection as a direct attack on the merits of the case. United States v. North Carolina, 180 F.3d 574, 580 (4th Cir. 1999).

**B. Rule 12(b)(6) Standard**

A Rule 12(b)(6) motion "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully," as "threadbare recitals of the elements of a cause of action supported by mere conclusory statements" are insufficient to defeat a Rule 12(b)(6) motion. Id.; see also Twombly, 550 U.S. at 547 (complaints will be dismissed when plaintiffs "have not nudged their

claims across the line from conceivable to plausible"); Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011).

Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. Fed. R. Civ. P. 8(a)(2). Specific facts are not required; defendants need only "fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 544). For purposes of the motion, the factual allegations in the complaint are accepted as true and viewed in the light most favorable to the non-moving party, Coleman v. Md. Court of Appeals, 6266 F.3d 187, 189 (4th Cir. 2010), though the court need not accept "unwarranted inferences" or "unreasonable arguments." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). The court also notes that "[a] Rule 12(b)(6) motion 'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" Pisgah Laboratories, Inc. v. Mikart, Inc., 2015 WL 996609, at *2 (W.D.N.C. Mar. 5, 2015) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)).

**C. Consideration of Pro Se Pleadings**

Although district courts must liberally construe *pro se* complaints, courts cannot act as the *pro se* plaintiff's advocate and cannot develop claims which the plaintiff failed to clearly raise on the face of her complaint. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the *pro se* plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). As a result, even a *pro se* plaintiff's basis for relief "requires more than labels and conclusions . . . ." Twombly, 550 U.S. at 555. Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still "allege facts sufficient to state all the

elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). In light of Twombly and Bass, conclusory statements with insufficient factual allegations (even when asserted by *pro se* plaintiffs) will not suffice.

### III. Discussion

In his *pro se* Complaint, plaintiff alleges that he is bringing this action against defendants[2] for discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964, concerning race and color. In response, defendants argue that plaintiff lacks subject matter jurisdiction due to failure to exhaust administrative remedies and applicable statutes of limitations.

The Fourth Circuit has ruled that in order for a federal court to hear a case concerning employment discrimination, "a plaintiff must exhaust his administrative remedies by filing a charge of discrimination with the EEOC." Hentosh v. Old Dominion Univ., 767 F.3d 413, 416 (4th Cir. 2014). Defendants argue an Order written by Judge Graham Mullen in Cumberbatch v. USA, No. 3:16-CV-00238-GCM, 2016 WL 3456976, at *1 (W.D.N.C. June 21, 2016), is directly in line with how this Court should rule on their motion. In Cumberbatch, this court determined that it lacked subject matter jurisdiction over any Title VII claim the plaintiff alleged because she failed to establish that she had filed a charge with the Equal Employment Opportunity Commission ("E.E.O.C.") before pursuing this court. Subsequently, this Court dismissed plaintiff's complaint.

---

[2] As explained later, the Court finds it lacks subject matter jurisdiction over plaintiff's claims. However, even if the Court had subject matter jurisdiction over plaintiff's claims of employment discrimination, plaintiff has alleged wrongdoing against individual defendants, not his employer. As such, plaintiff's claims are also invalid on that basis. Jones v. Sternheimer, 387 Fed. App'x 366, 368 (4th Cir. 2010) (Title VII and the ADA "do not provide for causes of action against defendants in their individual capacities."); Lissau v. S. Food Serv., Inc., 159 F.3d 177, 181 (4th Cir. 1998) (supervisors not liable in their individual capacity).

The Court has not been presented with any evidence that Plaintiff has exhausted all federal administrative remedies. In plaintiff's Complaint, plaintiff failed to assert that he filed a charge with the E.E.O.C., leaving the entire section blank. (#1, p. 5). If plaintiff had given this Court and Defendants reason to believe he had filed a charge with the E.E.O.C., and received their response, then Plaintiff would have exhausted all other remedies. Whitacker v. Nash. Cty., 504 Fed. App'x 237, 240 (4th Cir. 2013); Hentosh, 767 F.3d at 416; see also Davis v. N. Carolina Dep't of Correction, 48 F.3d 134, 140 (4th Cir. 1995) ("We have long held that receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite that must be alleged in plaintiff's complaint."). As plaintiff has failed to allege that he filed a discrimination charge with the E.E.O.C., he has not exhausted his administrative remedies; as such, this Court lacks subject matter jurisdiction and cannot address plaintiff's claims.

Also, the court lacks subject matter jurisdiction due to applicable statutes of limitations. Plaintiff contends that the discriminatory acts occurred on April 4, 2012, the day that his employment was terminated, and filed this action against defendants on January 11, 2018. (#1, pgs. 4, 10). Both plaintiff's claims under Title VII and the ADA are time-barred by the applicable statutes of limitations, as both Title VII and the ADA require plaintiffs to file a charge with the E.E.O.C. within 180 days after the alleged adverse employment action occurs. 42 U.S.C. §§ 2000e-5(e), 12117(a).[3] Such statutes must be strictly enforced. Nat'l R.R. Passenger Corp. v. Morgan, 122 S. Ct. 2061, 2071 (2002) ("A party, therefore, must file a charge within . . . 180 . . . days of

---

[3] The Court also notes that if plaintiff asserted race discrimination claims under 42 U.S.C. § 1981, such claims must be filed within three years of the asserted wrongdoing, and would thus also be time-barred. See Sturdivant v. Kone, Inc., 2010 WL 2723729, at *3 (W.D.N.C. July 8, 2010) (holding that, while 42 U.S.C. § 1981 does not specify a statute of limitations, "federal courts in North Carolina adopt the most closely analogous state statute of limitations for § 1981 claims, which is the three year statute of limitations under either N.C.G.S. § 1-52(1) or § 1-52(2).").

the date of the act or lose the ability to recover for it."); Watts-Means v. Prince George's Family Crisis Ctr., 7 F.3d 40, 42 (4th Cir. 1993) (noting that if plaintiff had received a right-to-sue letter from the E.E.O.C., he would then have a ninety day period in which to file his claim). As plaintiff did not file this action until January 11, 2018, more than five years after the adverse employment action, his claims under Title VII and the ADA are time-barred and the Court thus lacks subject matter jurisdiction. For these reasons, the Court will grant defendants' Motion to Dismiss (#12).

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendants' Motion to Dismiss (#12) is **GRANTED** and this matter is **DISMISSED without prejudice**.

**Advice of Appellate Rights**

In accordance with Wilder v. Chairman of the Central Classification Bd., 926 F.2d 367, 371 (4th Cir.) ("while not mandated, the preferable practice is to include a statement to all final orders involving pro se litigants setting forth the litigants' appellate rights"), cert. denied, 502 U.S. 832 (1991), plaintiff is hereby advised that he has the right to appeal this decision to the Court of Appeals of the Fourth Circuit in the manner described in Rule 3, Federal Rules of Appellate Procedure, by filing a Notice of Appeal with the Clerk of this Court within the time prescribed in Rule 4, Federal Rules of Appellate Procedure, which is 30 days from entry of this Order. Failure to file a Notice of Appeal within the first 30-day period after entry of judgment requires the filing of a motion for extension of time and a notice of appeal within the second 30-day period after entry

of judgment. Fed. R. App. P. 4(a)(5). See <u>United States ex rel. Leonard v. O'Leary</u>, 788 F.2d 1238, 1240 (7th Cir. 1986).

Signed: July 25, 2018

Max O. Cogburn Jr
United States District Judge